IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. 1:24-cr-00093-RDB |
| DAVID FUNDERBURK | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO DISMISS INDICTMENT

Defendant, David Funderburk, by and through undersigned counsel, pursuant to Fed. R. Crim. P. 12(3)(b), hereby moves this Court to dismiss the sole count of the indictment, an alleged violation of 18 U.S.C. § 922(g)(1) on the grounds that the offense as defined violates the Second Amendment, and states the following in support thereof.

## STATEMENT OF FACTS

On March 19, 2024, the Government, by way of indictment, charged Defendant with a sole violation of 18 U.S.C. § 922(g)(1) which prohibits the possession of a firearm by one previously convicted of an offense with a potential penalty exceeding one year. (Ex. 1). The Government alleges that on November 3, 2023, in the City of Baltimore, that officers of the Southwest District Action Team of the Baltimore Police Department observed an unidentified black male and black female walking down the street. (Ex. 2). After witnessing the unidentified black male, later identified as Defendant, carrying himself in a manner consistent with firearm possession and entering a store before allegedly placing an object on the ground, officers detained and seized Defendant to investigate. (Ex. 2). After ordering several patrons to leave the store, an officer noticed a firearm on the ground and recovered the same. (Ex. 2).

1

**QUESTION PRESENTED**

Whether 18 U.S.C. § 922(g)(1) is unconstitutional where Defendant is entitled to the protection of the second amendment and the Government cannot show a historical tradition justifying the prohibition.

**ARGUMENT**

Individuals enjoy the right to keep and bear firearms regardless of any connection to a militia service. *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008); *see* U.S. Const. Amend. II. As with any right, there are limits. *Id.* (citing *United States v. Williams*, 553 U.S. 285 (2008)). The Supreme Court set out to clarify those limits in *Bruen*, in which it prescribed that, where the plain text of the Second Amendment covers an individual's conduct, it is the Government who must show their regulation is consistent with historical tradition. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022) (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n. 10 (1961).

I.   **The State of the Law.**

The Supreme Court tasked itself with two questions in deciding whether conduct is entitled to Second Amendment protection. First, it looked to *Heller* to define who "the people" entitled to Second Amendment protection included. *Bruen*, 597 U.S. at 31-32 (citing *Heller*, 554 U.S. at 579-80). Admittedly a simpler task there where the possessors were "ordinary, law-abiding, adult citizens" seeking licensure rather than facing criminal charges related to prior convictions. *Id.* The Supreme Court there readily concluded that such citizens were entitled to protection and carrying a handgun publicly for self-defense was a protected use. *Id.* Now, of course, the question here is whether one with a prior

conviction under the statute at issue enjoys the same protection as the "ordinary, law-abiding" petitioners in *Bruen* and whether possessing a firearm for self-defense in that context deserves said protection. *Id.*

These questions remain open as the legal community awaits resolution of several important issues by the Supreme Court. In *United States v. Rahimi*, 143 S. Ct. 2688 (2023), the Supreme Court has heard argument about whether one of our statute's sister subsections, 18 U.S.C. § 922(g)(8), which prohibits the possession of a firearm by one subject to a domestic violence restraining order, is unconstitutional in light of *Bruen*. The Fifth Circuit answered that question in the affirmative. *United States v. Rahimi*, 61 F.4th 443, 450 (5th Cir. 2023), cert. granted, 143 S. Ct. 2688 (2023).

The Third Circuit issued a "narrow" decision enjoining the Government from enforcing our very statute, 18 U.S.C. § 922(g)(1), against a man previously convicted of a disqualifying crime in Pennsylvania. *Range v. Att'y Gen. United States of America*, 69 F.4th 96, 106 (3d Cir. 2023). There, the Third Circuit found that Range was both a member of "the people" and that the Government failed to justify its regulation. *Id.* The Government is awaiting a decision on its Petition for Writ of Certiorari in that case. *Merrick B. Garland, Attorney General, et al., Petitioners v. Bryan David Range*, No. 23-374 (2023).

The Fourth Circuit has yet to decide the question in a traditional and full appellate context. *See United States v. Claybrooks*, 90 F.4th 248, 256 (4th Cir. 2024) (rejecting *Bruen* challenge after plain error review where Defendant raised *Bruen* challenge against three 18 U.S.C. § 922 subsections for first time on appeal in light of lack of consensus

3

among the circuits); *United States of America v. Swartz*, No. 23-4162, 2024 WL 1651901, at *3 (4th Cir. Apr. 17, 2024) (affirming after plain error review of 18 U.S.C. 922(g)(3)). In *Claybrooks,* the Fourth Circuit aptly recognized that "[t]he contours of *Bruen* continue to solidify in district and appellate courts across the nation, and yet there is no consensus" and therefore that there could "be no plain error where neither this nor other circuits have resolved the issues in dispute." 90 F.4th at 256 (citing *United States v. Wynn*, 684 F.3d 473, 480 (4th Cir. 2012)).[1]

## II. Defendant is a member of "the people" protected by the Second Amendment and his conduct falls under the same because it is a legitimate use of a firearm.

The Second Amendment's protection of "the people" extends to all members of the political community. *Heller*, 554 U.S. at 580. For that reason, the protection "is exercised individually and belongs to **all Americans**." *Id.* at 581 (emphasis added). The Supreme Court likewise refers to "law abiding" citizens in discussion of the protection.

---

1 The Fourth Circuit noted the following cases at page 256. "*United States v. Gore*, No. 2:23-cr-04, 2023 WL 2141032 (S.D. Ohio Feb. 21, 2023) (finding that § 922(j) is constitutional because of longstanding prohibitions on the receipt of stolen goods); *United States v. Greer*, No. 4:17-CR-94, 2023 WL 4747383 (E.D. Tex. July 24, 2023) (citing *Gore*); *United States v. Daniels*, 77 F.4th 337, 342 (5th Cir. 2023) (concluding that § 922(g)(3) contradicts the plain text of the Second Amendment and is not aligned with the history and tradition of firearms regulation); *United States v. Rodriguez*, No. 22-10896, 2023 WL 4044409 (5th Cir. June 16, 2023) ("There is no binding precedent holding § 922(n) unconstitutional, and it is not clear *Bruen* dictates such a result."); *United States v. Posey*, 655 F.Supp.3d 762, 771-72 (N.D.Ind.2023) (assuming without deciding that an unlawful user is part of "the people" and his possession of a firearm is protected by the Second Amendment); *United States v. Alston*, No. 5:23-CR-21-1, 2023 WL 4758734 (E.D.N.C. July 18, 2023) (magistrate recommending that § 922(g)(3) be found unconstitutional); *United States v. Costianes*, No. 1:21-cr-458, —— F.Supp.3d ——, 2023 WL 3550972 (D.Md. May 18, 2023) (indicating agreement that the Second Amendment's plain text does not cover prohibited persons under § 922(g)(3) but declining to "definitely resolve" that question)."

*See Bruen*, 597 U.S. at 31-32 (describing "ordinary, law-abiding, adult citizens"); *Heller*, 554 U.S. at 580 (recognizing "the right of law-abiding, responsible citizens to use arms in defense of hearth and home."). The Supreme Court has yet to decide the full scope of "the people." As mentioned *supra*, the Fifth Circuit saw fit to include one accused of domestic violence and subject to a corresponding protective order in "the people." *Rahimi*, 61 F.4th at 448. Moreover, the Third Circuit, our circuit's geographical sister, saw fit to go even further and hold that even those prohibited by this very section of the statute were included in "the people." *Range*, 69 F.4th at 106. Defendant's background includes non-violent drug-related offenses. His class of offenders, bearing no requirement other than facing a term of imprisonment of over a year, cannot be said to be categorically excluded in light of the cases *supra*. Finally, the Government makes no allegation that the use of his firearm was for anything other than legitimate self-protection, a use more than recognized in *Bruen*. 597 U.S. at 32.

**III.    The Government cannot show that the prohibition falls under a historical tradition of regulation because Defendant's history is that of a nonviolent drug offender.**

The burden now falls to the Government to show their regulation is consistent with historical tradition. *Bruen*. 597 U.S. at 33-34. It cannot do so. The Third Circuit, of course, took up this very question in *Range*. The Government there directed the court to the earliest version of a 20th-century firearm statute in support of the proposition that felons have always been subject to regulation. *Range*, 69 F.4th at 104. However, the court noted that the 1938 version of that statute applied only to violent crimes. *Id.* Moreover, the court found that the statute was insufficiently "longstanding" given the approximately 170 years

5

between the ratification of the Second Amendment and the enactment of that statute. *Id.* The Government will be unable to show a historical tradition supporting the disarmament of non-violent drug offenders.

### **CONCLUSION**

We have entered a new era of Second Amendment protection. That protection must extend to as many individuals as history permits. To exclude criminal defendants previously convicted of non-violent drug offenses from the promise of the Second Amendment is a miscarriage of justice and violates all principles of fairness. As always, the Government carries a heavy burden in attempting to restrict one's rights, and since the Supreme Court has seen fit to further restrict the Government's efforts in that regard, this Court should follow suit and protect Defendant's right to legitimately possess a firearm for his protection.

Respectfully submitted,

_____
Donald C. Wright (Bar Number 27355)
Law Offices of Donald C. Wright, LLC
611 Reisterstown Road
Pikesville, Maryland 21208
Tel.: 410-685-0202
Email: dcw@dcwrightlaw.com

Attorneys for Defendant David Funderburk

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of April, 2024, a copy of the foregoing *Motion to Dismiss* was delivered electronically via ECF to: Office of the United States Attorney.

_____
Donald C. Wright

**POINTS AND AUTHORITIES**

**Constitutional Provisions, Statutes, and Rules**

U.S. Const. Amend. II.
18 U.S.C. § 922(g)(1).
18 U.S.C. § 922(g)(8).
Fed. R. Crim. P. 12(3)(b).

**Supreme Court Cases**

*District of Columbia v. Heller*, 554 U.S. 570 (2008).
*Konigsberg v. State Bar of Cal.*, 366 U.S. 36 (1961).
*Merrick B. Garland, Attorney General, et al., Petitioners v. Bryan David Range*, No. 23-374 (2023).
*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).
*United States v. Rahimi*, 143 S. Ct. 2688 (2023).
*United States v. Williams*, 553 U.S. 285 (2008).

**Federal Circuit Cases**

*Range v. Att'y Gen. United States of America*, 69 F.4th 96 (3d Cir. 2023).
*United States of America v. Swartz*, No. 23-4162, 2024 WL 1651901(4th Cir. Apr. 17, 2024).
*United States v. Claybrooks*, 90 F.4th 248 (4th Cir. 2024).
*United States v. Rahimi*, 61 F.4th 443 (5th Cir. 2023).
*United States v. Wynn*, 684 F.3d 473 (4th Cir. 2012).

7