IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. 1:24-cr-00093-GLR |
| DAVID FUNDERBURK | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION FOR RECUSAL OF PRESIDING JUDGE
PURSUANT TO 28 U.S.C. §§ 144 AND 455**

COMES NOW the Defendant, David Funderburk, by and through undersigned counsel, Donald C. Wright, Esquire, and respectfully moves this Honorable Court to recuse the Honorable George L. Russell, III, Chief United States District Judge, from further proceedings in the above-captioned case, pursuant to 28 U.S.C. §§ 144 and 455(a) and (b)(1). In support thereof, Defendant states as follows:

**I. INTRODUCTION**

This motion arises from comments and conduct by the presiding judge, Chief Judge George L. Russell, III, during a detention hearing held after a mistrial in this matter. The statements made by Chief Judge Russell concerning Mr. Funderburk's testimony at trial and his apparent prejudgment of Mr. Funderburk's credibility have created a reasonable and justifiable concern that the Chief Judge no longer maintains the impartiality required by law. Recusal is necessary to preserve the appearance and actuality of fairness and due process as guaranteed by the Fifth and Sixth Amendments to the United States Constitution.

## II. PROCEDURAL HISTORY

On November 3, 2023, officers of the Southwest District Action Team of the Baltimore Police Department detained Defendant David Funderburk and later recovered a firearm inside a restaurant known as Bill's Place, alleging that Defendant had possessed it. On March 19, 2024, Mr. Funderburk was indicted in this Court for one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1).

A jury trial was held before Chief Judge George L. Russell, III beginning January 27, 2025. The trial lasted four days and ended with a hung jury and a declaration of mistrial following extended deliberations.

A new trial is currently scheduled for September 15, 2025, again before Chief Judge Russell. On March 13, 2025, the Court held a hearing to reconsider Mr. Funderburk's pretrial detention status.

## III. GROUNDS FOR RECUSAL

During the March 13, 2025 detention hearing, Chief Judge Russell made statements implying that he did not believe Mr. Funderburk's testimony at trial. Mr. Funderburk testified at the trial in his own defense and denied possessing a firearm, claiming instead that he had discarded a Percocet pill upon entering the restaurant.

In denying Mr. Funderburk's request for release, Chief Judge Russell remarked that the Defendant's testimony was not credible and referenced the possibility that the government might pursue an obstruction of justice enhancement under U.S.S.G. § 3C1.1 if convicted. Although Chief Judge Russell did not explicitly recommend such an enhancement, his comments suggest a pre-judgment of the Defendant's guilt and the veracity of his testimony.

Mr. Funderburk has never been convicted of a crime of violence and has no history that would otherwise indicate dangerousness or risk of flight sufficient to deny pretrial release. Chief Judge Russell's comments raise grave concerns about whether he can remain impartial at the upcoming retrial, particularly where witness credibility—especially the Defendant's—will again be a central issue.

## IV. LEGAL STANDARD

Under 28 U.S.C. § 144, a judge must recuse himself where a party files a timely and sufficient affidavit stating that the judge has a personal bias or prejudice either against the party or in favor of an adverse party. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455(b)(1) requires recusal where the judge "has a personal bias or prejudice concerning a party." The test under § 455 is an objective one: whether a reasonable person, with knowledge of all the circumstances, would question the judge's impartiality. See Liteky v. United States, 510 U.S. 540, 548 (1994); United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003).

## V. ARGUMENT

Chief Judge Russell's comments during the detention hearing, specifically stating that he did not believe Mr. Funderburk's trial testimony and raising the specter of a sentencing enhancement, have created an appearance that he has formed an opinion on the Defendant's credibility and potential guilt. In a case where the outcome will turn heavily on the same credibility determinations that have already been commented upon unfavorably by the presiding judge, it is not reasonable to expect that a fair and impartial retrial can proceed under the same jurist. The fact that Chief Judge Russell suggested a

potential obstruction of justice enhancement—normally a sentencing consideration—before any conviction has occurred, further underscores the risk of partiality.

Even assuming Chief Judge Russell acted in good faith, the appearance of bias is sufficient under § 455(a) to warrant recusal. It is not necessary to demonstrate actual bias or prejudice. In light of the constitutional guarantees of due process, the public's confidence in the fairness of judicial proceedings, and Mr. Funderburk's right to a fair trial, the interests of justice require that a different judge preside over the retrial.

## VI. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant David Funderburk respectfully moves this Court to recuse the Honorable George L. Russell, III from further proceedings in this matter and to reassign the case to another judge of the United States District Court for the District of Maryland.

Respectfully submitted,

_____
Donald C. Wright (Bar Number 27355)
Donald C. Wright, LLC
611 Reisterstown Road
Pikesville, Maryland 21208
Tel.: 410-685-0202
Email: dcw@dcwrightlaw.com

Attorneys for Defendant David Funderburk

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 11th day of July, 2025, a copy of the foregoing *Motion* was delivered electronically via ECF to: Office of the United States Attorney.

_____
Donald C. Wright